UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DASHONTI RAY WILEY,                          )
                                             )
                  Plaintiff,                 )
       v.                                    )
                                             )   Case No. 15-cv-3956
OFFICER GORDON,                              )
OFFICER OSTROWSKI,                           )   Judge John W. Darrah
DETECTIVE WALLACE, and                       )
THE CITY OF HARVEY,                          )
                                             )
                  Defendants.                )

**<u>MEMORANDUM OPINION AND ORDER</u>**

On April 12, 2016, Plaintiff Dashonti Ray Wiley filed a Second Amended Complaint

("SAC") against Officer Gordon, Officer Ostrowski, Detective Wallace, and the City of Harvey

(collectively, "Defendants"). The SAC alleges an illegal search and seizure claim pursuant to

42 U.S.C. § 1983 and state-law claims for conversion and replevin. Defendants filed a Motion to

Dismiss [33] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below,

Defendants' Motion to Dismiss [33] is denied.

**BACKGROUND**

Plaintiff is a resident of Cook County, Illinois. (SAC ¶ 2.) Defendants Gordon,

Ostrowski and Wallace are employed by the City of Harvey, Illinois. (*Id.* ¶ 3.) On or about

July 18, 2013, Defendants Gordon and Ostrowski arrested Plaintiff in the parking lot of his

apartment complex but did not present him with an arrest warrant. (*Id.* ¶¶ 7-9.) Plaintiff alleges

that at that time, Defendants Gordon and Ostrowski asked Plaintiff if two vans located in the

parking lot were owned by him; and Plaintiff told the officers that he owned both vans. (*Id.* ¶¶

10-11.) Defendants Gordon and Ostrowski authorized one of the vans, a 1991 Chevrolet Astro

1

Van, to be towed from the parking lot. (*Id.* ¶ 12.) Plaintiff alleges that Defendants Gordon and Ostrowski did not obtain his consent to tow the van, nor did the officers obtain a warrant. (*Id.*)

Plaintiff alleges that four days after the van was seized, Detective Wallace obtained a search warrant and specifically testified, through affidavit, that probable cause existed to believe that evidence of a crime could be found in the van, even though the van was seized without a warrant or consent of the owner. (*Id.* ¶ 14.) According to Plaintiff, no evidence of any crime was found in the van, and the van contained over $10,000 worth of plumbing equipment; which he used in his employment. (*Id.* ¶¶ 14, 16.) Plaintiff alleges that, to date, the Harvey Police Department is in possession of the van and its contents. (*Id.* ¶ 18.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). Plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v.*

*Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015).  But the

complaint must provide a defendant "with 'fair notice' of the claim and its basis."  *Tamayo v.*

*Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*,

550 U.S. at 555).

## ANALYSIS

*Statute of Limitations – § 1983 Claim for Unlawful Seizure Against the City of Harvey*

First, Defendants argue that Plaintiff's claim against the City of Harvey pursuant to 42

U.S.C. § 1983 is outside the two-year statute of limitations and, therefore, time-barred.  *See*

*Kalimara v. Illinois Dep't of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989) (stating that the

applicable statute of limitations period for a § 1983 suit is two years under Illinois' personal

injury limitations period).  According to Defendants, Plaintiff added the City of Harvey as a

defendant on April 12, 2016, over two years from the date of his arrest; and, therefore, a § 1983

claim against the City of Harvey is untimely and should be dismissed.

Here, Defendants misread the SAC.  Plaintiff does not assert a § 1983 claim against the

City of Harvey.[1]  Indeed, Plaintiff clarifies in his Response brief that the § 1983 claim was not

asserted against the City of Harvey. (Resp. Br. 1.)  Rather, Plaintiff brings claims alleging

violations of § 1983 against Defendants Gordon, Ostrowski and Wallace in their individual

capacity.  Though not alleged in the SAC, Plaintiff states in his Response brief that his criminal

trial (presumably associated with his arrest) has not commenced. (Resp. Br. 4.)  Thus, with

respect to the City of Harvey, Plaintiff's claims for conversion and replevin have not yet accrued

because Plaintiff's criminal case is pending.  *See Gates v. Towery*, 435 F. Supp. 2d 794, 799

(N.D. Ill. 2006) (finding that claims for conversion and replevin against the City of Chicago were

---

[1] Plaintiff's complaint against Defendants Gordon, Ostrowski and Wallace, initially filed May 5, 2015, was within two years from the date of Plaintiff's arrest date of July 18, 2013.

not time-barred because the civil cause of action did not accrue until the criminal trial concluded).  Accordingly, Defendants' argument that Plaintiff's claim against the City of Harvey must be dismissed as untimely is without merit.  The Motion to Dismiss on this basis is denied.

*City of Harvey's Municipal Liability Under Monell*

Next, Defendants argue that the SAC does not state a claim for municipal liability against the City of Harvey under *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978) (holding that a municipality may be found liable under § 1983 when it violates constitutional rights via an official policy or custom; *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010) (stating that to establish an official policy or custom, "a plaintiff must show that his constitutional injury was caused 'by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority.'").  More specifically, Defendants contend that Plaintiff has not alleged a municipal custom, policy or practice violating § 1983.  As Plaintiff points out, however, he does not assert a claim against the City of Harvey pursuant to *Monell*.  Thus, the Motion to Dismiss on this basis is denied.

*Claims Against Gordon, Ostrowski and Wallace*

Finally, Defendants' argument that the claims against Officers Gordon and Ostrowski and Detective Wallace, acting in their *official* capacity, should be dismissed is without merit because Plaintiff filed suit against Officers Gordon and Ostrowski and Detective Wallace in their *individual* capacity.  Indeed, Plaintiff clarifies this in his Response brief that Officers Gordon and Ostrowski and Detective Wallace are being sued in their individual capacity.  (Resp. Br. 2.)

Personal-capacity lawsuits are designed to impose personal liability upon government officials.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  A plaintiff suing a government

official in his personal capacity need only show that the individual, acting under the color of state law, caused the deprivation of a federal right. *Id*. at 166. Further, a personal-capacity claim is not subject to the same immunity protections as an official-capacity claim. *Hafer v. Melo*, 502 U.S. 21, 31 (1991).

The SAC asserts that, while acting in their capacity as officers, Officers Gordon and Ostrowski and Detective Wallace each caused a deprivation of his federal right not to be subjected to unreasonable searches and seizures. Because Plaintiff sues Officers Gordon and Ostrowski and Detective Wallace in their individual capacity, the Defendants' Motion to Dismiss any official-capacity claims against Officers Gordon and Ostrowski and Detective Wallace is denied as moot.

**<u>CONCLUSION</u>**

For the reasons stated above, Defendants' Motion to Dismiss [33] is denied.

Date: \_\_\_\_9/13/16_____ _____
JOHN W. DARRAH
United States District Court Judge